Good morning, Your Honor. Tony Farmani on behalf of Mr. Goodrum. Your Honor, we think the result in this case is very clear, and that is the case should be sent back so Mr. Goodrum's claims can be decided on the merits. And it took a while for us to get here, obviously, but this really should have happened back in 2010 when the Court authorized Mr. Goodrum to file a second and successive petition. Now, we do believe that this was not a second or successive petition, and the reason for that is very clear, Your Honor, because Mr. Goodrum filed his petition back in 2007. When you say filed, what do you mean? What did he exactly do? He filed – he had a petition pending in district court. Meanwhile, he was exhausting his claims in the California Supreme Court. Seven days after the California Supreme Court denied his habeas petition, he, instead of filing an amended petition in the district court, he filed an application to file a second or successive petition in the Ninth Circuit in this Court. And this Court said, well, you have a petition pending in the district court. Wait until that's over with. Then refile it if necessary. And that's precisely what Mr. Goodrum did. He waited. But he didn't – what I guess my question was going to, you said he filed this second or successive petition. Correct. He attached it to a request to file a second or successive petition, but he never filed it in the normal sense of the word file in any court, did he? Well, the term application under habeas law and petition are interchangeable. They really – what they really mean, particularly from the perspective of a pro se petitioner, would be that this is where I want to assert my claims. This is how I want to bring my claims. And the way to get there, obviously, did he make a mistake by bringing a successive petition? Absolutely he did. But if he had canceled at the time, there's no question about that, that if he had canceled at the time, unless the cancel was woefully deficient, the counsel would have simply amended the pending petition because there was not even an answer file at that point. And had he waited, let's say he would have waited seven days and brought everything together at the same time, there wouldn't be any problem. So he did in a way make a mistake, a mistake that any pro se petitioner would make. But then these things kept adding on because the court – if the court would have just simply denied the petition, denied the successive petition, would have said denied your application, I think Mr. Grudem would have been in a better position. But what the court did was told Mr. Grudem that wait, wait, you can refile this, but didn't advise him that if you refile this, you're going to be subject to the stringent requirements for filing second or successive petitions. And that's why we're here now, Your Honor. So I think the court at that point could have told or should have told Mr. Grudem, look, you can refile this, but keep in mind if you refile this, you're going to have to overcome the requirements for filing a second successive petition. Kennedy, do you have any case law, counsel, that suggests that the court is under obligation to do what you've just described? Your Honor, there is – Woods v. Carey, you're correct. Woods v. Carey addresses the situation where the petition is filed, the second-in-time petition is filed in the district court. But there is a Federal Rules of Appellate Procedure 22 that takes away, originally the Ninth Circuit, just like any other circuit appellate court, had jurisdiction to detain habeas petitions. But following the enactment of AEDPA, that was taken away from the court of appeal. Now you have to refer it back to the district court. So – But what case says that this Court had an obligation to tell your client that he had made a mistake and advise him about what he should have done instead and what he should do next? There are plenty of – they're not – I can't say there's a case right on point. What I – what I can say, Your Honor, is that Castro v. United States, the U.S. Supreme Court case, and cases that have come before and after that case, have simply said when you – when a petitioner, a pro se petitioner, files a motion and labels it whatever, you know, in Castro v. Rule 33 motion, the court has an obligation before they construe it into a second or successive petition, or a second petition, if you will, the court has an obligation to advise petitioner. In this case, you – With respect, you're saying that's what the Supreme Court said? In the Castro v. United States, said it in a different posture, Your Honor. Yeah, I was going to say, quite different posture. Well, I think that what the court is really saying is that we – you know, the Federal courts have an obligation, particularly after the enactment of AEDPA and the second or successive petition part, to advise petitioners where practical. Particularly in this case, I think it was practical. But at the time that your client filed that petition, the first action hadn't been completed, had it? At all. There hadn't even been an answer filed. Okay, then how could they have advised anything? I mean, you know, the reality is it was a moving process. But at this point, your client has had a final resolution of the first petition that he filed, right? Correct. And was that a habeas petition? It was a habeas petition, yes. Okay, so then how could this not be a second or successive petition? Because when he filed it, back in the time that he filed it, he had a petition pending. So under – if you construe Woods v. Carey to cover not only petitions that are filed in a district court, but petitions that are filed in the Ninth Circuit. So if I'm understanding you correctly, you're saying that because of the unusual timing on this matter, that because the court did not anticipate what another court was going to do, it didn't tell your client what might happen, that the whole thing needs to be undone and go back to the first petition. Well, let me address why it's not second or successive. Okay. And this will address your concerns, Your Honor. Okay. When Mr. Goodrum filed his petition, the second one, if he – we know that had he filed it back in the district court, he would have been able to go forward. If the district court would have denied it, he would have come up. There was a case right on point called Marquette back in 2005 that would have allowed him to simply go back and amend his petition. But what he did, the only thing he did that was technically a mistake was that he filed that petition, albeit with an application, in the Ninth Circuit. So as a matter of technicality, you're correct that he didn't file in the district court. But Woods v. Carey, Your Honor, never says that he has to be filed in a district court. But it really gets down, does it not, to the question my colleague asked. That is, you say that it was filed. The reality is, of course, it wasn't filed in the technical sense, right? It was an attachment. It accompanied something else that was filed. But it wasn't a filed petition, right? But I think it depends how you want to construe the word filed, but I think — It depends what is, is? No. Well, he did, in fact, file a habeas petition. There's no question about that. Although he attached it to an application, the reality of the situation is that he filed that petition. That petition that he attached isn't even the same one that you're trying to pursue now, as far as I can tell. Is that correct? It is the same one. It's substantially the same. It may be — he's a pro se petitioner, Your Honor. I never worked on that petition. I was appointed for purposes of this particular appeal. So what he did was he may have reworded it, but the claims are essentially they come down to the affidavit that he was able to secure from Mr. Howard Herring as to whether or not the police officers and the DA, the district attorney in this case, actually forced Mr. Herring, the star witness for the prosecution, to come out and say that Mr. Stamps, the victim, was not holding a pipe. But that's your focus now. But the attached petition was focused on ineffective assistance of counsel. Correct, which is based on Howard Herring. Basically, Mr. Goodham exhausted his direct review claims. And then he went ahead on his own and was able to get an investigator. All this stuff is going on on his own. He was able to track down Howard Herring, secure a declaration from Howard Herring. Immediately after he secured that declaration, he filed a habeas petition in the Superior Court. In fact, Mr. Goodham is a model habeas petitioner. He did everything that would be required of a diligent habeas petitioner to do. He exhausted his direct review claims. He came and went ahead and tried to secure an affidavit because he knew there was something wrong, something fishy, if you will, about Herring's testimony. He was able to secure that declaration. He filed immediately after he had that declaration. He exhausted his claims continuously all the way to the Cal Supreme Court, and he came to Federal Court. The only thing he did that was, I guess, not the right thing to do, if you will, as a pro se petitioner, it's hard to say blame error on him, was that he filed that petition. I don't know if Your Honor disagrees with the word file here, but I think he did file. Any petition. Kennedy. Let me ask you this, counsel. You've got about 30 seconds left. Do you want to save any of your time? Absolutely, Your Honor. Okay. Thank you. We'll hear from the government. Thank you. Good morning, Your Honor. May it please the Court. I'm Kevin Viena, California Deputy Attorney General, here on behalf of the appellee and respondent in this matter. Mr. Farmani says that the only mistake that Mr. Goodrum made was that he, instead of seeking to amend, he filed an application in this Court to file a second or successive petition. That's not quite right. The fundamental mistake that he made was that he started too soon. That is, he was exhausting claims in the state court when he started in the federal court. And the form tells him not to do that. That was his mistake. Counsel, let me ask you this. Yes, Your Honor. If the district court had, if the petitioner here had filed basically the same document he filed with our court in the district court, and the district court had issued the identical order that our court did back in 2007, right? Told him, no, I'm, you know, you haven't gotten permission to file this second or successive petition, so I'm dismissing it without prejudice. Perhaps come back after, you know, your first petition is concluded. Had all that happened in the district court, we know from Woods, right, that we would have to reverse that decision, correct? I think the timing would have been such that his, had he had to appeal, that is, if the district court had done the same thing that the district court did in Woods and denied his later in time filed petition, then I think Woods probably would have filed. What we held in Woods is that the court was obligated to treat that second filing as a, as basically a request to amend the existing petition, right? Precisely, Your Honor. Right. So how is it at all right and fair that because our court made the mistake, somehow the petitioner here is the one who has to pay the price? I don't get that at all. The, and I don't dispute that there is some emotional appeal to Mr. Goodrum's position. Mr. Goodrum could have had his claims heard in the district court back in 2007 if he had either waited until he'd completed exhausting in the state court or if he filed a motion to amend. I think it's clear that he would have been permitted to amend by the time he had. But our court has said that any district court in this exact same posture that simply dismisses the second in time petition has committed legal error because it was obligated instead to treat the second in time filing as a request to amend the existing petition, right? Yes. I, I, I. So I don't understand how does our court, when we make the same mistake that all of these district courts do when we slap them down and reverse, how is it that our court gets a pass for doing the exact same thing? It seems to me that the error is sort of more egregious that it's our own court that has made the mistake. My, my response is this, Your Honor. The, the district court, when it gets a second in time petition, while the first petition is pending, is required to liberally construe the pleadings of the petitioner. And it, since it's in the same court, and since the court is aware that there is, that there is another pleading pending, the, the court is alerted to it and can act on it. In this case, this court committed no legal error. That is, there was no construction, there was no requirement for an unusual reconstruction of his. Oh, no, no, no, no. Obviously, what our court should have advised the petitioner was that this document that you're trying to file is not, in fact, a second or successive petition. It simply was not back in 2007 because there had been no final conclusion of the first petition. So we were wrong in advising him that, in fact, this document was second or successive and that, therefore, he was going to need to seek permission after the conclusion of his first petition. We should have instead told him, no, the proper venue for you to do what you want to do is to go back to the district court and seek leave to amend, right? Yes, the court could have done that. Or the court could have appointed counsel for him, and counsel might have done that. The inclination, though, that the court must act as a pro se petitioner's advocate and give legal advice, I think, is incorrect. And I think Supreme Court said that in Filer v. Ford. It's not a matter of acting as the petitioner's advocate, counsel. What our order did was affirmatively mislead him into thinking that the proper course was for him to wait out the conclusion of his first petition and then come back to us after he basically had lost or not been able to obtain relief on the first petition. And he did exactly that. He filed the advice we afforded him to the T, but the advice was faulty. And I think you've conceded that that's the case. Because what was going to happen to him, the only thing that was going to happen to him if he followed our advice is that he was going to run into the second or successive bar that AEDPA establishes when he should never have been subjected to that in the first place. I don't think the court misled him. I don't think the court actively misled him. The court did not say that he couldn't seek to amend in the district court, and there was plenty of time for him to do that. So if Mr. Goodrum didn't amend, that's not because the court told him he couldn't. It's because he was unsophisticated, and that's the difficulty with all AEDPA's corpus petitioners. Let's put aside, counsel, any issue about the correctness of the advice that our court gave him. I'll grant you if you want to say that we didn't mislead him, fine. My problem with your argument is still this. AEDPA does not define the term second or successive in terms of what a petition is, right? It's not. It's a term of art that the cases from the Supreme Court on down through our court, through basically every circuit that I've looked at, has said that we define second or successive by reference to the pre-AEDPA abuse of the writ doctrine. I agree. So explain to me how this petitioner has abused the writ by proceeding in the way that he did. Well, I don't think we have to show that he abused the writ, and I'm not sure that he was responsible. That is what our cases say when you go to try to figure out what constitutes a second or successive petition. It's not defined in AEDPA, so the only place you can go to figure out what constitutes a second or successive petition is by reference to the old abuse of the writ doctrine principles, right? Yes, Your Honor. My response is this. He had the Polo Declaration, such as it is, in 2005. He had it in his possession for two years, a little more than two years, before he filed his first petition in the United States District Court. He could have done it. So the first petition was timely, right? Yes, Your Honor. There was nothing untimely about it, and there was nothing untimely about his request to file the second petition, was there? It was still within AEDPA's statute of limitations. I think that's correct, Your Honor. So how was this an abuse of the writ? He tried – a petitioner who abuses the writ is somebody who goes through a full round of habeas proceedings on the first go-round, loses, and then tries to come back and bring claims either that they've already litigated or that they should have brought the first go-round. This petitioner did exactly what I think his counsel suggested. He was a monopoiser. He tried to bring all of his claims at the same time, and the only reason he didn't is because he followed our faulty advice. So how does this constitute an abuse of the writ? I would say that there was no second or successive petition in 2007 because, as Your Honor recognized, there was no filing of a petition, a second petition in 2007. The question is, was there – was he qualified under the law to bring a new petition in 2011? And the answer is that the law precludes it. Now, the answer – the law also provides an important safety valve for Mr. Goodram. That is, he could have brought his second or successive petition if he demonstrated that he was innocent, if there was an actual miscarriage of justice, but he doesn't get close to that. Counsel, I'm not even – You're getting to the merits there now. I'd like to follow up on Judge Watford's point. Let's just say for a moment that what he's leading you to is correct. Let's say that because of the – what should we say – misguided advice that our court gave, that Mr. Goodram has been prejudiced. So where do we stand right now? If that were the case, he's clearly had a first petition. It's been litigated. So if Judge Watford is correct, then what do we do with this current matter? Do we treat it as something else and review it on the merits? But what is it? Well, what I would say is that what we have is the district court dealing as it was required to do under 2244 with a second or successive petition. That is, this is a claim that could have been brought well before the 2007 initial petition that was raised. I understand that. But as Judge Watford pointed out, arguably, our court, I'm sure, without scienter, misled this gentleman. So here we have an inequity. But he still has had a first petition ruled on. Now we have this second. It wasn't filed, but this attachment. And if Judge Watford is correct, what is it? Well, I mean, I think – What do we do with it? Here's what I think. Judge Watford has made, as Mr. Farmani has made, the argument that some doctrine in equity should provide for relief for Mr. Goodram. And what I would say is that if, for example, Mr. Goodram did qualify on the basis of his new evidence to show that he is innocent, to meet the innocent standard, then I think what this court did might well serve, probably would serve, as a basis for equitable tolling until he files this second or successive petition. The difficulty that Mr. Goodram faces – It would be a second or successive petition. It would not be a Schlupp claim, right? Well, two things. That is, Schlupp could get him through a motion to dismiss for lack of timeliness if he qualified under Schlupp. We don't think he does. And Schlupp or the 2244 standard would allow him to have his new evidence heard in a second or successive petition. And the thought that I didn't complete earlier was this. As I said, our tolling provides for equitable remedies. And this Court has developed that in many cases. I think equitable tolling could apply here. It's a close distinction. Was he misled? Was Mr. Goodram actively misled by the Court, which is the basis for equitable tolling? I think the answer to that is no. He was not misled. He just wasn't advised. But tolling helps him with the statute of limitations, right? That's not his problem. Yes. It only helps. And here's why. It's taken me a while to get to this, but here it is. Equitable tolling exists under the statute of limitations. What he wants is an equitable remedy where the law provides the only remedy that he has. That is, he's asking for the development of a new equitable doctrine to apply in an area where the law seems to be clear to me. That is, he has to meet the standard for second or successive. There was nothing abusive about what he did in 2007, and I don't want to suggest that there was. And he could have been advised by the Court. I mean, there was nothing that prevented the Court from telling him that we think Woods, in just a short time, will give you the right, will require the district court to interpret a second petition as a motion to amend. That wasn't the case at the time, and I know he still gets that from my view. Counsel, counsel. I'm sorry. Go ahead, Judge. I was going to say, we still get back to the same problem from my perspective. Using equity, whatever you want to call it, we have this case before us now. Would the appropriate thing be for us to treat this on the merits and just go on schlup, say it's not a second or successive petition, however we get there, or do we have to send it back to the district court and let the district court redo this, even though there's already been, by everyone's concession, a first decision? What do we do? Well, if the Court thinks that either law or equity requires the district court to hear Mr. Goodrum's claim on the merits, I think this matter should be returned to the district court because, well, because no answer has been filed with regard to his claims and because, although I think, although we've tried to argue that the evidence is clear that he can't meet the schlup standard or the higher 2244 standard of innocence, the standard would be different. It is incorporated, I think, at least in part in his ineffective assistance of counsel plan. If arguendo, we looked at what he has proposed and concluded that it doesn't meet either the schlup or an SOS standard, could we properly decide on the merits, treat it as whatever, and then just say we're deciding the merits and he doesn't make it, goodbye? Cruel, though, that may be. I am reluctant to agree, eager as I am to agree, because I don't think his claims come close to having merit. But I'm reluctant to agree because we'd be looking at different standards because if there were any inclination to think that maybe there's a reasonable probability of a different result, what we have is a record that is devoid of any statement from Mr. Brown, his lawyer. So basically it's the government's position that whatever our court decides, we can't decide the merits. If we were to agree with the opponent's position, we should send this back to the district court to work out the record and make a decision at that point. Is that correct? I don't know if it's correct because we're on new ground here. But I think that's probably the proper and fairer approach, Your Honor. Do either of my colleagues have other questions? Do you think there's a significant difference between what he attached to what he filed in this court and what he's now pursuing as the petition that we're talking about? I think the district court looked at that correctly. That is, what he wanted to do before. What he has wanted to do since he completed exhaustion in the State court is have a Federal court examine the Herring Declaration and decide whether that, whether either it was ineffective assistance of counsel for not to have found Herring, although counsel seemed to have tried. That is, he had him served with a subpoena for the preliminary examination. Either it was ineffective assistance not to have found him or not to have presented or cross-examined him better at trial. Okay. I mean, I think there are things that are different. But I think that's the only one that matters, Your Honor. Judge Watford, any further questions? No. Okay. Well, thank you very much. And we have some rebuttal. We don't have very much time left there. But we've taken him a little bit over. So we're going to give you two minutes. But that's it, okay? Two minutes. Thank you. Very quick. Okay. Your Honor, just let me address Your Honor's concern. This is an order from this Court. Following denial of his first petition and his affirmation of appeal, the court has looked at it and has made a determination that it's substantially the same. And I also disagree with counsel that I'm asking for an equitable remedy here. I'm not. As Judge Watford has pointed out, the term second was successive. It's a term of art. And when you look at when counsel is pointing out how Mr. Viena is pointing out how he had presented the case in the first place. The question is, if he had been in possession of Haring's affidavit in 2005, yes, he did. But he was exhausting it as State court remedies. His claims were not right for Federal court adjudication at that point. Then we get back to the question I ask your opposing counsel. What do we do? If you're right, what do we do with this case? I think that the best, the cleanest thing to do, Your Honor, is go back in time if you will. Well, that would be an interesting experience. It would be. It would be. And I think this case... Do you have a machine or something? This case calls for it, Your Honor, because I think this result should have been obtained back when he filed his second petition, when the court recognized that he relied on this court's... Okay. Besides the time machine, what do we do? You send it back. The short answer, the clear answer would be, Your Honor, you send it back to the district court, have them litigate his claims based on the standards that are otherwise applicable to regular habeas corpus petitions. So you're saying that we should send it back, ignore the fact that there has been an earlier habeas petition that has been litigated. Is that correct? They do that all the time, Your Honor. I'm just asking the question. Absolutely, Your Honor. Yeah. The same scenario was in Wood v. Carey. He had a petition that was already completed, sent it back for the second time for the claim that should have been decided and weren't. So you really aren't, you really aren't, the way Your Honor is approaching the subject matter is you're assuming that the second petition that he filed was second or successive. If we take that assumption away, then it is the first petition. Well, I say that only because of the case law that suggests that if there has been a previous filing, habeas filing, that is final, that's a first. That's correct. This is a second. I agree with my colleague that, of course, second or successive is not defined as a term of art. The question here is, has it been abused? But it seems to me we have this anomaly where you've got this previous determination that seems to just disappear. It's interesting. Well, the previous determination and claims are different. Well, that's what my colleagues have been asking. In what way is it different? Well, no, the way is different. Well, yeah, correct. In the first petition he filed, they were different. But I think Judge Friedman was pointing out the petition or the application he filed in this Court is different than the one that he's seeking to now litigate. And I disagree with that, Your Honor, but I think the wording may have been changed a little bit. He added some more words to it. That's correct. But I think the essence of his claims, the substance of his claims is identical. And this Court has said so. E.R. 5455 clearly said that they were the same claims. Okay. Do either of my colleagues have more questions? We thank both counsel for your helpful argument. This is an interesting case. It is now submitted, and we will render a decision in due course here. Thank you very much.
judges: M. Smith, Watford, Friedland